IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL ANN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1030 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

## **OPINION AND ORDER**

I.  Synopsis

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and Social Security Benefits ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff applied for benefits on May 6, 2011, alleging disability beginning January 1, 2004. ECF No. 8, 1.  After Plaintiff's application was denied initially, she filed a written request to have her application reviewed by an Administrative Law Judge ("ALJ"). *Id.* at 2.  On November 30, 2012, Plaintiff testified at a hearing before an ALJ. *Id.*  On March 22, 2013, the ALJ found that Plaintiff was not disabled under the Act. *Id.*  After exhausting all administrative remedies, Plaintiff filed this action.

Pending before the Court are cross-motions for summary judgment. ECF Nos. [7] (Plaintiff) and [9] (Defendant).  Both parties filed briefs in support of their motions.  ECF Nos.

[8] (Plaintiff) and [10] Defendant. The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, I deny Plaintiff's motion and grant Defendant's motion for summary judgment.

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520(a) and 416.920(b). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Consideration of Plaintiff's Part-time Employment

Plaintiff argues that the ALJ "misconstrued the facts of Plaintiff's part-time work" to improperly diminish Plaintiff's credibility, reject the findings of the medical professionals, and find that Plaintiff was capable of full-time work in the national economy. ECF No. 8, 12. *Id.* I disagree.

A claimant bears the initial burden of showing that she is disabled because she is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment. *See Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979). Where a claimant is engaged in work activity, an ALJ will assess whether the current work constitutes substantial gainful activity by looking at the nature of the current work, how well claimant performs the work, and if it is done under any special conditions. 20 C.F.R. § 404.1573; 416.973. "Even if the work done [by a claimant] was not substantial gainful activity, it may show that [she is] able to do more work than [she] actually did." *Id.* §§ 404.1571; 416.971; *see also* Soc. Sec. Reg. 83-33 ("A finding that the individual did not engage in [substantial gainful activity] during a particular period, however, does not answer the question of the individual's *ability* to engage in [substantial gainful activity].") (emphasis in original). Similarly, a claimant's "work done under special conditions may show that [she has] the necessary skills and ability to work at the substantial gainful activity level." *Id.* § 404.1573(c). In his consideration, an ALJ must assess all of the medical and vocational evidence of record. *Id.* §§ 404.1529(c)(3); 404.1571; 416.929(c)(3); 416.971; Soc. Sec. Reg. 83-33 ("The complete evidence may show that the individual's impairment is less severe than alleged, or that he or she has the physical, mental and vocational capabilities necessary for [substantial gainful activity].").

Although Plaintiff argues that the ALJ "misconstrued the facts of Plaintiff's part-time work," I disagree. In determining the plaintiff's residual functional capacity ("RFC"), the ALJ did not look solely to Plaintiff's part-time work activity. He considered her part-time employment in combination with Plaintiff's own testimony and the medical evidence of record. ECF No. 6-2, 17 ("this work activity helps to demonstrate the capacity for work that I have included within the residual functional capacity") & 22-25. In finding that Plaintiff's current

4

work was not substantial gainful activity, the ALJ noted that Plaintiff worked for a family friend, that the work was not performed in a competitive environment, that she liberally was permitted time off and breaks, and that her supervisor made allowances for her anxiety and other problems. ECF No. 6-2, 17 & 25. The ALJ then explained that although Plaintiff "is not earning at the [substantial gainful activity] level [] I believe her current work is indicative of the functional capacity and ability to perform low stress jobs as described in the RFC that I have determined." ECF No. 6-2, 25. The ALJ further explained that in addition to Plaintiff's part-time job, Plaintiff's "ability to continue to perform activities of daily living are inconsistent with an individual who is totally disabled." *Id.* Because I find that the evidence upon which the ALJ based this conclusion is supported by substantial evidence, as explained more fully, *infra*, I find no error.

First, an ALJ is given great discretion in making credibility determinations and such findings are entitled to judicial deference. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981). An ALJ must consider "the entire case record" in determining the credibility of an individual's statements. Soc. Sec. Reg. 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* Accordingly, I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith*, 637 F.2d at 972. Here, I find no basis for Plaintiff's contention that the ALJ used misconstrued facts concerning her part-time work to discredit her hearing testimony. *See* ECF No. 8, 12. The ALJ is supported by substantial evidence, and I find no error in this regard. *See* ECF No. 6-2, 39-40 & 50-53 (Plaintiff's testimony as to her part-time work), 43-48

5

(Plaintiff's testimony about mental and physical problems, medication, and personal activities); ECF No. 6-7, 58 (Letter from Plaintiff's Supervisor).

Additionally, I find no merit to Plaintiff's allegation that the ALJ improperly discredited portions of Dr. Chester Berschling's opinion based on a mischaracterization of Plaintiff's part-time work activity. ECF No. 8, 15. As explained, *supra*, I do not find that the ALJ mischaracterized Plaintiff's part-time work. Further, as a non-treating, consultative examiner, Dr. Berschling's opinion was not entitled to a presumption of controlling weight. *Scott v. Colvin*, No. 02:13-cv-00671-TFM, 2014 WL 3811023, at *7 (W.D. Pa. Aug. 1, 2014) (citing 20 C.F.R. § 416.927(c)(2) and Soc. Sec. Reg. 96-2p); *see also* 20 C.F.R. §§ 404.1527(d)(3); 416.927(d)(3). "Although opinions from a consultative examiner must be considered, the ALJ is free to reject some of those opinions or to reject them outright as long as he sufficiently explains his decision, and does not reject the opinions for no reason or for the wrong reason." *Id.* (internal citations and quotations omitted). Here, the ALJ discredited the portion of Dr. Berschling's opinion finding Plaintiff's ability to work was markedly limited because he found "this aspect of [Dr. Berschling's] opinion is inconsistent with other medical evidence of record because the claimant was already working." ECF No. 6-2, 24. The ALJ explained his reasoning: (i) the State Agency psychologist, Manella Link, Ph.D. found Plaintiff was only mildly to moderately limited by her mental impairments, (ii) Dr. Berschling's marked limitations on social functioning "appear to have been based on a face value acceptance of the claimant's subjective complaints and self-reported history and even he characterized her reliability as 'marginal,' " (iii) Plaintiff's statements about her inability to perform daily living activities contradicted her hearing testimony where she stated that she was able to care for herself and perform household chores, and (iv) Plaintiff's ability to function as a bartender "indicates at least some abilities [sic]

to interact and communicate with others." ECF No. 6-2, 25. Because I find substantial evidence in the record supporting the ALJ's reasoning, there is no error.[1]  *See* ECF No. 6-2, 43-49 (Plaintiff's testimony); ECF No. 6-7, 58 (Letter from Plaintiff's supervisor); ECF No. 6-10, 26 (Dr. Berschling's report).

Lastly, because the ALJ's discussion clearly shows that Plaintiff's part-time work was but one of the factors he considered in his disability determination, I find no error. *See* ECF No. 6-2, 25 (discussing evidence of Plaintiff's ability to perform the activities of daily living, Plaintiff's testimony about her anxiety, concentration problems, depression, and memory problems, and Plaintiff's complaints of physical pain and headaches). Moreover, the ALJ adequately took into account the limitations Plaintiff experienced while working part-time by restricting her RFC to low stress jobs with only occasional interaction with the public, co-workers, and supervisors. ECF No. 21 & 25. This RFC determination ultimately precluded her from returning to any of her past relevant work. ECF No. 6-2, 26. To the extent Plaintiff argues that her part-time work evidences even greater limitations, I find that the ALJ properly explained and supported why he found such evidence not fully credible, as I explained more fully, *supra*.

C. Whether the ALJ Failed to Evaluate the Statement from Plaintiff's Supervisor

---

[1] In a footnote, Plaintiff also alleges that the opinion of the State Agency psychologist cannot be substantial evidence in support of the ALJ's finding because it was rendered before and without the consideration of the assessment by Dr. Berschling. ECF No. 8, 15 n.2. I disagree. As Defendant points out, Dr. Berschling is a consultative source—he is not a treating physician; accordingly, his opinion is not entitled to the presumption of substantial weight. *See Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001); 20 C.F.R. §§ 404.1502; 416.902. Additionally, the cases Plaintiff cites discuss situations where state agency physicians failed to consider treatment records in rendering their opinions. As Dr. Berschling is not a treating physician, that is not the case here. Moreover, the only information Plaintiff asserts the State Agency psychologist did not have access to was the post-hearing report generated by Dr. Berschling at Plaintiff's representative's request. ECF No. 8, 15 n.2; *see* ECF No. 6-2, 15. Consequently, under these facts, I do not agree that the State Agency review cannot constitute substantial evidence.

I find that the ALJ's failure to state whether he gave credence to the letter submitted by Plaintiff's supervisor, Howard G. Massung, does not warrant remand. The letter from Plaintiff's supervisor corroborates testimony by Plaintiff which the ALJ clearly found credible in finding that her part-time work was not substantial gainful activity, and an explicit, separate credibility determination would not change the outcome of Plaintiff's case. *See* ECF No. 6-7, 58 (Massung's letter); ECF No. 8, 16-17 (Plaintiff's argument re Massung); *see also Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (remand not appropriate if evidence does not affect outcome of case); *Crandall v. Astrue*, Civ. Action No. 10-1431, 2011 WL 4632281 at *10 & n.14 (E.D. Pa. Oct. 5, 2011) (same). The error is harmless.

D. Whether the ALJ Mischaracterized Other Evidence to Discredit Plaintiff

Plaintiff argues that in addition to his mischaracterizations of Plaintiff's part-time work, the ALJ mischaracterized a number of other pieces of evidence and then used the evidence to impermissibly discredit Plaintiff. ECF No. 8, 17. Specifically, Plaintiff disputes the ALJ's characterization of her anxiety. *Id.* at 18. Plaintiff claims the ALJ wrongly called her treatment "sporadic" and mischaracterized it "as situational, related only to her domestic, financial, and occupational situation." *Id.*

I reiterate that an ALJ is charged with the responsibility of determining a claimant's credibility and such determinations are given great deference. *Smith*, 637 F.2d at 972; *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." Soc. Sec. Reg. 96-7p. After careful review, I find that the ALJ

8

properly identified and explained why he found the medical evidence conflicted with Plaintiff's testimony. *See* discussion about Dr. Berschling's report, Dr. Link's findings, and Plaintiff's testimony, *supra*. Moreover, I disagree with Plaintiff that the ALJ summarily discounted Plaintiff's treatment because he found it "sporadic." ECF No. 8, 19. For example, the ALJ detailed Plaintiff's medical treatment and concluded, based on the treatment notes from Staunton Clinic and the consultative exam by Dr. Berschling, that the evidence shows that Plaintiff is not interested in therapy. *Id.* at 23-24. I find that the reasons given by the ALJ to support his credibility findings are supported by substantial evidence. *See id.* at 25. Accordingly, Plaintiff's disagreement or dissatisfaction with the ALJ's credibility determinations is not cause for remand here.

### III. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I deny Plaintiff's motion for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL ANN SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1030 |
| CAROLYN W. COLVIN,<br>Commissioner of<br>Social Security | ) |
| Defendant. | ) |

AMBROSE, U.S. Senior District Judge

## **ORDER**

AND NOW, this 12th day of May, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [7]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [9]) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge